UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL B. WILLIAMS, LN-2033,

                Petitioner,           Case Number: 2:22-cv-12605
                                             HON. BERNARD A. FRIEDMAN

v.

MICHIGAN ATTORNEY GENERAL
DANA NESSEL,

                Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITIONER'S MOTION TO
PROCEED *IN FORMA PAUPERIS,* (2) AMENDING CASE CAPTION,
(3) DISMISSING PETITION WITHOUT PREJUDICE,
AND (4) DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner Michael B. Williams has filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  He challenges his Michigan state court convictions for

three counts of first-degree criminal sexual conduct.  Also before the Court is

Williams's motion to proceed *in forma pauperis*.  For the reasons below, the Court

denies the motion to proceed *in forma pauperis*, amends the case caption, dismisses

the petition without prejudice, and denies a certificate of appealability.

I.  BACKGROUND

In 2020, Williams was convicted by a jury in Wayne County Circuit Court of

three counts of first-degree criminal sexual conduct for conduct which occurred in

2006.  *People v. Williams,* No. 18-0009551-01-FC.  On February 11, 2020, he was sentenced to three concurrent terms of twenty-five to fifty years imprisonment. Williams is currently incarcerated in Pennsylvania at the State Correctional Institution – Frackville.  (*See* ECF No. 1, PageID.272).  He states that his Michigan sentence is being served concurrently with a sentence of 7-1/2 to twenty-five years imposed by the Court of Common Pleas of Erie County, Pennsylvania.  (*Id.* at PageID.256); *see also Williams v. Clark*, No. 18-CV-0066, 2020 WL 5407915, at *2 (W.D. Pa. Sept. 9, 2020) (denying Williams habeas corpus relief and summarizing Pennsylvania state court criminal proceedings).

The petition raises four claims for relief: (i) Williams received ineffective assistance of counsel; (ii) the prosecutor presented perjured testimony; (iii) the state court lacked subject-matter jurisdiction; and (iv) Williams was subjected to malicious prosecution.

## II.  DISCUSSION

A.    Williams's Motion to Proceed *In Forma Pauperis*

Williams has paid the filing fee for this action.  Given that the petition will be dismissed without prejudice, no other costs are anticipated at this time.  The Court will deny Williams's motion to proceed *in forma pauperis* without prejudice.

B.     Proper Respondent

The proper respondent to a habeas petition is "the person who has custody over [the petitioner]."  28 U.S.C. § 2242; *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.") This typically means that the warden of the facility where the prisoner is being held should be named as respondent.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). But when the warden is not "the person who holds [the petitioner] in what is alleged to be unlawful custody," *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973), the proper respondent is "the entity or person who exercises legal control with respect to the challenged custody." *Padilla*, 542 U.S. at 438 (cleaned up). In these circumstances, the proper respondent is the Michigan Attorney General.  *See Gilmore v. Ebbert*, 895 F.3d 834, 837 (6th Cir. 2018).  The Clerk will be directed to substitute Michigan Attorney General Dana Nessel as the sole Respondent.

C.     Exhaustion of State Court Remedies

Under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court must conduct a preliminary review of the petition.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk

to notify the petitioner."  The petition is subject to dismissal under this standard.

A state prisoner filing a petition for a writ of habeas corpus must first exhaust available state court remedies.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").  The claims must be "fairly presented" to the state courts.  *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). A petitioner fairly presents claims by asserting the factual and legal bases for the claims in the state courts and by raising them as federal constitutional issues.  *Nian v. Warden, N. Cent. Corr. Inst.*, 994 F.3d 746, 751 (6th Cir. 2021).  To satisfy the exhaustion requirement, a Michigan prisoner must raise each claim to both the Michigan Court of Appeals and the Michigan Supreme Court.  *Robinson v. Horton*, 950 F.3d 337, 343 (6th Cir. 2020).

Williams admits that he did not exhaust his state court remedies.  (ECF No. 1, PageID.260-67).  A search of the public docketing system for the Michigan Court of Appeals and Michigan Supreme Court shows that Williams has not filed an appeal of right or application for leave to appeal the convictions at issue in this petition.  But Williams has filed a request for appointment of special prosecutor in the trial court raising  the claims raised in this petition.  (ECF No. 1, PageID.258.)  The trial court has not yet issued a decision.  (*Id.; id.* at PageID.260).

4

A petitioner must comply with the exhaustion requirement as long as there is still a state-court procedure available for him or her to do so. *See Adams v. Holland*, 330 F.3d 398, 400-01 (6th Cir. 2003). In this case, a procedure is available. Williams's claims are currently before the trial court by way of his request for appointment of special prosecutor. Williams may also file a motion for relief from judgment in the Wayne County Circuit Court under Michigan Court Rule 6.502. If that motion is denied, he may seek review from the Michigan Court of Appeals and Michigan Supreme Court by filing an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.303. The state courts must be given a fair opportunity to address Williams's claims before the claims are presented to this Court. Therefore, the Court dismisses the petition without prejudice.

## III.  CERTIFICATE OF APPEALABILITY

Before Williams may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S.

473, 484 (2000) (cleaned up).  In this case, reasonable jurists would not debate the conclusion that the petition raises only unexhausted claims.  Therefore, the Court denies a certificate of appealability.

## IV.  CONCLUSION

Williams failed to exhaust state court remedies for the claims raised in this petition.  Accordingly,

IT IS ORDERED that William's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that the case caption be amended to substitute Michigan Attorney General Dana Nessel as the sole Respondent.

IT IS FURTHER ORDERED that the petition for a writ of habeas corpus (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


IT IS SO ORDERED


                                    s/Bernard A. Friedman
Dated: January 11, 2023             BERNARD A. FRIEDMAN
       Detroit, Michigan            SENIOR UNITED STATES DISTRICT JUDGE


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 11, 2023.

Michael B. Williams,  LN-2033              s/Johnetta M. Curry-Williams
SCI-FRACKVILLE                             Case Manager
CCN- C39161766
1111 ALTAMONT BLVD.
FRACKVILLE, PA 17931